IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**SHAWNA COX, et al.**,

    Plaintiffs,

v.

**W. JOSEPH ASTARITA, et al.,**

    Defendants.

No. 2:18-cv-165-MO

OPINION AND ORDER

**MOSMAN, J.**,

In a July 19, 2018, Status Conference, Magistrate Judge Patricia Sullivan granted Shawna Cox's Motion to Withdraw by dismissing Ms. Cox and Mr. Bundy "to the extent that they are parties in this case" and denied Ryan Payne and Victoria Sharp's Motion for Leave to File an Amended Complaint in this case. [43]. Judge Sullivan granted Mr. Payne and Ms. Sharp until August 20, 2018, to file objections to her ruling and allowed Defendants until September 4, 2018 to file a response. [*Id.*]. Mr. Payne and Ms. Sharp filed objections to the denial of their proposed Amended Complaint. Defendants Oregon Governor Kate Brown, Harney County Sheriff's Office, Harney County, David M. Ward, Steven Grasty, Greg Bretzing, and the United States responded to the objections. Ms. Sharp and Mr. Payne replied to Defendants' objections.

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge,

1 – OPINION AND ORDER

but retains responsibility for making the final determination. When a magistrate judge has acted on a dispositive matter, the court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). If the magistrate judge has ruled on a non-dispositive matter, her decision is modified only if clearly erroneous or contrary to law. The court is not required, however, to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny with which I am required to review the magistrate judge's decision depends on whether the matter is dispositive and whether objections have been filed, in either case, I am free to accept, reject, or modify any part of the magistrate judge's recommendation. 28 U.S.C. § 636(b)(1)(C).

After careful consideration, I agree with Judge Sullivan's ruling dismissing Ms. Cox and Mr. Bundy from this lawsuit and denying Sharp and Payne's Motion for Leave to File an Amended Complaint and ADOPT it as my own. I write briefly to explain why I adopt Judge Sullivan's ruling denying the proposed amended complaint and to discuss the effect of the dismissal of Ms. Cox.

## BACKGROUND

On January 26, 2018, Ms. Cox filed this case, which alleges injuries stemming from events that occurred on January 26, 2016, *pro se* on behalf of herself and Ryan Payne, Victoria Sharp, and "Ryan-C: Family of Bundy." [1]. Ms. Cox filed the Complaint the day before the two-year statute of limitations ran. The Complaint's caption lists Ms. Cox, Mr. Payne, Ms. Sharp, and "Ryan-C: Family of Bundy" as plaintiffs and references Ms. Cox, Mr. Payne, Ms.

Sharp, and Ryan C. Bundy in the allegations. [1 at pp. *16-18]. Its "signature" consists of affidavits included at the end of the Complaint from Ms. Cox, Mr. Payne, and Ryan Bundy. [*Id.*]. Mr. Payne's signature affidavit, however, is from a different document—a Harney County Summons and Complaint. [*Id.* at p. *18]. There is no signature from Ms. Sharp. [*Id.*]

On February 12, 2018, approximately two weeks after filing her Complaint, Ms. Cox filed a Motion to Withdraw Complaint, which stated that "Plaintiffs Shawna Cox, Victoria Sharp, and ryan-c:family of Bundy, withdraw from this complaint as there appears to be no justice in Federal Courts." [9 at p. 1]. On February 16, 2018, Ms. Sharp and Mr. Payne, through their attorney, filed a first amended complaint. [11]. I construed the amended complaint as a Motion for Leave to File an Amended Complaint and referred it to Judge Sullivan. [16].

Judge Sullivan discussed the Motion for Leave to File an Amended Complaint and Ms. Cox's Motion to Withdraw during a July 19, 2018, status conference. [53 (Tr. of July 19, 2018, Status Conference)]. She identified numerous Rule 11 defects in the *pro se* Complaint Ms. Cox filed and then withdrew. [*Id.*]. Judge Sullivan noted that Ms. Sharp's signature was not included in any of the documents filed with Ms. Cox's *pro se* Complaint. [*Id.* at p. 12:11-13]. She further noted that Mr. Payne did not sign the Complaint; instead his "purported signature comes on a Summons and Complaint in Harney County, and does not refer at all to the complaint filed in the United States District Court. [*Id.* at 16: 5-12].

Judge Sullivan concluded that a *pro se* complainant like Ms. Cox cannot file actions on behalf of anyone but herself. [*Id.* at p. 17:12-19]. When Mr. Payne and Ms. Sharp's counsel asserted that the effect of him entering his appearance made this case "different than a lot of the *pro se* cases where a *pro se* litigant attaches other plaintiffs and seeks to represent other

plaintiffs," Judge Sullivan disagreed, finding "the legal effect of a *pro se* plaintiff filing on behalf of other people is the same." *Id.* at p. 18:23-25, 19:1-7].

Ultimately, Judge Sullivan denied Ms. Sharp and Mr. Payne's Motion for Leave to File an Amended Complaint and granted Ms. Cox's Motion to Withdraw as to Ms. Cox and Mr. Bundy.

DISCUSSION

Judge Sullivan correctly found that a *pro se* litigant has no authority to represent anyone other than herself. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a *pro se* litigant has "no authority to appear as an attorney for others than himself."). She also correctly stated that Federal Rule of Civil Procedure 11(a) requires Mr. Payne and Ms. Sharp to personally sign the Complaint filed by Ms. Cox if they were parties to it. Here, there is no signature or affidavit from Ms. Sharp attached to the January 26, 2018, Complaint and the signature from Mr. Payne is obviously one that he made on a document completely unrelated to this case. [1 at pp. *16-18]. Accordingly, based on the January 26, 2018, Complaint, Mr. Payne and Ms. Sharp cannot be considered plaintiffs in this case. Because they are not plaintiffs, they cannot file an amended complaint in this action.

Mr. Payne and Ms. Sharp's argument in their objections that the appearance of their counsel and their subsequent filing of an amended complaint cured any defects or irregularities in the January 26, 2018, Complaint fails. Although they correctly state that the Federal Rules allow an unrepresented party to correct his or her failure to sign a complaint, they are incorrect that the correction may be made by appearance of counsel for the formerly unrepresented parties or by filing an amendment to a complaint the unrepresented party did not sign. Accordingly,

Judge Sullivan correctly denied Mr. Payne and Ms. Sharp's proposed amendment to the January 26, 2018, Complaint.

Judge Sullivan also correctly dismissed Ms. Cox from this action. The effect of Ms. Cox's dismissal is that the January 26, 2018, Complaint is now an unsigned pleading that violates the Federal Rules. Rule 11(a) requires that I strike the unsigned Complaint.

Denial of the proposed amendment and striking the unsigned Complaint does not, however, end this matter. As noted above, the Federal Rules contemplate the possibility that an unrepresented party can correct his or her failure to sign a pleading. Although Mr. Payne and Ms. Sharp now have representation, they did not in January 2018, when Ms. Cox filed the Complaint in this case. Accordingly, in an abundance of caution, I will give Mr. Payne and Ms. Sharp ten days from the date this order is filed to follow the procedure set forth in the Federal Rules to correct the Rule 11 deficiencies in the initial Complaint filed in this case. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting *pro se* are held to a less stringent standard than those drafted by lawyers). As Mr. Payne and Ms. Sharp are now represented by counsel failure to follow the Federal Rules' requirements for correcting the deficiencies in the Complaint may result in dismissal of this case.

## CONCLUSION

Upon careful review, I agree with Judge Sullivan's rulings [53 (Tr. July 19, 2018, Status Conference) and 43 (minute order)] and ADOPT them as my own opinion. Ms. Cox's Motion to Withdraw Complaint [9] is GRANTED as to Ms. Cox and Mr. Bundy. Mr. Payne and Ms. Sharp's Motion for Leave to File First Amended Complaint [11] is DENIED. The Clerk of the Court is directed to strike the Complaint [1] in this matter for failure to comply with Rule 11. Because the Complaint is stricken, all pending motions to dismiss [28 and 35] are DENIED as

moot. Ms. Sharp and Mr. Payne are granted ten days from the date this Order is filed to follow the procedure set forth in the Federal Rules to correct the Rule 11 deficiencies in the initial Complaint filed in this case.

IT IS SO ORDERED.

DATED this  16  day of October, 2018.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge