**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
**TYLER P. FRANCIS**, OSB No. 162519
tyler@angelilaw.com
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*Attorneys for Defendant W. Joseph Astarita*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RYAN PAYNE, et al., | Case No. 2:18-cv-165-MO |
| Plaintiffs, | **DEFENDANT W. JOSEPH ASTARITA'S MOTION TO DISMISS PURSUANT TO FRCP 4(m) AND 12(b)(5)** |
| vs. | |
| W. JOSEPH ASTARITA, et al., | |
| Defendants. | |

## LR-7 CERTIFICATION

Undersigned counsel for defendant Special Agent W. Joseph Astarita has conferred with plaintiffs' counsel, who has indicated that plaintiffs will oppose the instant motion.

## MOTION

Pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5), Special Agent Astarita moves to dismiss the corrected Complaint (ECF No. 56) for insufficient service of process. This motion is supported by the Declaration of David H. Angeli filed herewith and the Memorandum in Support below.

## MEMORANDUM IN SUPPORT

## I.    BACKGROUND

Plaintiffs' original Complaint, which identified Special Agent Astarita by name, was filed on January 26, 2018. (ECF No. 1.) On February 15, 2018, less than three weeks after the Complaint was filed, plaintiffs' counsel, Roger I. Roots, was admitted *pro hac vice* to represent plaintiffs. (ECF No. 6.) According to his Application for Special Admission (ECF No. 5), Mr. Roots is an experienced attorney, having been licensed for more than fifteen years and admitted to practice in four separate U.S. Circuit Courts of Appeals.  Plaintiffs did not even *obtain* a summons for Special Agent Astarita, much less attempt to serve it. They finally obtained a summons on July 31, 2018. (ECF No. 44.)

The docket does not suggest that plaintiffs took any steps during that initial 180-day period to apprise the Court of any difficulties in effecting service or to request an extension on their service deadline. During that period, plaintiffs had ample opportunity to serve Special Agent Astarita personally but failed even to attempt to do so. For example, all day, every day between May 21 and May 25, 2018, Special Agent Astarita was present for a *Daubert* hearing in a courtroom in the very courthouse where plaintiffs filed their Complaint. (*See* Docket for *United States v. W. Joseph Astarita*, Case No. 3:17-CR-00226-JO (ECF Nos. 96-101).) That hearing date was widely publicized well in advance of the hearing,[1] but plaintiffs made no attempt to

---

[1] *See, e.g.*, Maxine Bernstein, *Defense Lawyers Try to Debunk Government's 3D Reconstruction of FBI Agent's Alleged Shot*, Oregonian, Apr. 4, 2018, https://www.oregonlive.com/oregon-standoff/2018/04/defense_lawyers_try_to_debunk.html (reporting that the "hearing to be held May 21"); Maxine Bernstein, *Lawyers for Indicted FBI Agent Claim Government's Expert Analysis Based on Errors in Math*, Oregonian, May 11, 2018, https://www.oregonlive.com/oregon-standoff/2018/05/lawyers_for_indicted_fbi_agent.html (reporting that, despite defense counsel's request for additional time, Judge Jones had "held firm on the May 21 hearing date").

PAGE 2 – DEFENDANT ASTARITA'S MOTION TO DISMISS PURSUANT TO FRCP 4(m) AND 12(b)(5)

serve Special Agent Astarita during the five-day hearing. (Declaration of David Angeli ("Angeli Decl.") ¶ 3-4.)

Special Agent Astarita's criminal trial on issues closely related to plaintiffs' allegations began on July 24, 2018 and continued for the entirety of every weekday through August 10, 2018. (*See id.* (ECF Nos. 154, 156, 160, 162, 164-167, 169, 171, 173-174, & 176-177).) Plaintiffs' counsel attended the trial. (*See* Plaintiffs' Response and Show of Good Cause Regarding Service of the Complaint (ECF No. 71) at 5-6, ¶ 14.) On July 31, 2018—*186 days* after filing their Complaint and *while they were in the courthouse attending Special Agent Astarita's trial*—plaintiffs finally obtained their summons. (*See* ECF No. 44.) Thereafter, despite literally sitting in the same room with Special Agent Astarita for nine more days, with a summons in hand, plaintiffs' counsel inexplicably made no attempt whatsoever to serve him. (Angeli Decl. at ¶¶ 3-6.)

On October 16, 2018, the Court issued an Opinion and Order granting plaintiffs ten days to correct deficiencies in their initial Complaint. (ECF No. 16.) Plaintiffs filed their corrected Complaint on October 26, 2018. (ECF No. 56.)

On December 10, 2018, plaintiffs filed a "Motion to Extend Time to Serve Summons/Complaints" (ECF No. 59). On December 12, 2018, the Court granted the motion in part, requiring service to be completed on all defendants by January 24, 2019. (ECF No. 60.) Plaintiffs' counsel apparently did nothing to attempt service on Special Agent Astarita until January 24, 2019, the last day of the deadline, when plaintiffs' self-described "amateur process server" mailed a copy of the summons and corrected Complaint to the office of David Angeli, who represented Special Agent Astarita during the criminal trial (and who had not at that time been formally retained to represent Special Agent Astarita in this civil case). (ECF Nos. 72, 73.)

The process server also apparently sent the summons and complaint by UPS to "FBI Hostage Rescue Team, Quantico, VA 22134" although, according to plaintiffs, that mail "was returned." (ECF No. 71 at 7, ¶ 24.)

On February 21, 2019, the Court issued an Order holding that plaintiffs had failed to serve the corrected Complaint on Special Agent Astarita (or indeed, any defendant) by the January 24, 2019 deadline, and that plaintiffs had not shown good cause for their failure. (ECF No. 76.) Instead of exercising its discretion to dismiss the case, the Court extended the time for service by thirty days from the date of the Order and ordered plaintiffs to file a proof of service of summons upon each defendant served within five days after service. *Id.* The Court also ordered plaintiffs to file a status report detailing the status of service on each named defendant at the end of the thirty-day extension. *Id.* The Court explicitly cautioned plaintiffs that "the failure to serve the corrected Complaint in the extended time may result in an order dismissing this matter without prejudice." *Id.* at 9.

Plaintiffs have yet to file the status report required by the Court's February 21, 2019 Order. On March 13, 2019, plaintiffs did file what is styled as a "Proof of Service" signed by a Mr. James Renwick Manship (ECF No. 82). On its face, however, that document makes clear that Special Agent Astarita was *not* served. Specifically, Mr. Manship made clear on the face of the document that he "Did NOT" (emphasis in original) personally serve Special Agent Astarita. The document does not include any suggestion that the summons and Complaint were served on anyone authorized to accept service on Special Agent Astarita's behalf, nor does it contend that the summons and Complaint were left at, or mailed to, Special Agent Astarita's residence.[2]

---

[2] Although not entirely clear, the document does seem to suggest that the summons was eventually served on a "Mr. Martinez" who, according to Mr. Manship, is designated by law to accept service of process on behalf of *the FBI*. But the document does not suggest that Mr.

PAGE 4 – DEFENDANT ASTARITA'S MOTION TO DISMISS PURSUANT TO FRCP 4(m) AND 12(b)(5)

## II.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(5), a defendant may move to dismiss the action where the service of process of a summons and complaint is insufficient. When service of process is properly challenged pursuant to Rule 12(b)(5), the plaintiff has the burden to establish the validity of service, *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007). The Court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion. *Boon v. Union Pacific R. Co.*, Case No. 03:10-cv-01044-HU, 2011 WL 7452732, *2 (D. Or. Sept. 30, 2011).

When an officer or employee of the United States is sued in his individual capacity (as Special Agent Astarita was here), a plaintiff "must serve the United States *and also serve the officer or employee* under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3) (emphasis added). Rule 4(e), the only subsection that applies here, provides that personal service must be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 7 D of the Oregon Rules of Civil Procedure prescribes Oregon's service requirements. Thus, if plaintiffs failed to effect service as required by ORCP 7 D within 90 days after filing their Complaint, the Court may dismiss the action unless plaintiffs "show[] good cause for the failure." Fed. R. Civ. P. 4(m).

## III.    ARGUMENT

### A.    Plaintiffs Have Not Properly Effected Service Under ORCP 7 D(3)(a)(i).

ORCP 7 D(3)(a)(i) provides that personal service may be effected by any one of four methods: (1) personal delivery (on the defendant, or on a person authorized to receive the

---

Martinez was authorized to accept service on behalf of Special Agent Astarita *individually*. (He was not.) (Angeli Decl. ¶ 9.)

summons); (2) substituted service (at the defendant's house); (3) office service; or (4) mail

service, if the defendant or a person authorized to receive service signs a receipt for the certified,

registered, or express mailing.

Plaintiffs do not even purport to have personally delivered the summons or Complaint to

Special Agent Astarita or to have effected "substitute service" (by delivering the materials to his

home). Nor do they contend that Special Agent Astarita personally signed any receipt for either

of the mailings. Plaintiffs' service argument apparently rests solely on the "mail service" portion

of ORCP 7 D(3)(a)(i).[3] There are numerous independent reasons why plaintiffs' attempted

service was insufficient.

### 1.    Plaintiffs' January 24 mailings were insufficient.

First, as the rule makes clear, plaintiffs' January 24, 2019 mailings would have been

sufficient only if they were signed by Special Agent Astarita or an "other person authorized to

receive service" on his behalf. Plaintiffs have not shown this to be the case, nor could they.

Special Agent Astarita has not authorized *anyone* (including defense counsel) to accept service

on his behalf of any complaint in which he is sued in his personal capacity. (Angeli Decl. ¶ 9.)

Before those mailings were sent, plaintiffs' counsel never bothered to ask defense counsel

whether they even represented Special Agent Astarita in this matter, much less whether they (or

anyone else) were authorized to accept service on his behalf. (*Id.* ¶ 8.) Within minutes of

receiving the summons and complaint on January 28, defense counsel emailed plaintiffs' counsel

---

[3] Of course, mailing the materials to the FBI Hostage Rescue Team (even had the documents not
been returned to plaintiffs) did not constitute "office service" under the rule. Office service must
be made by: (1) "leaving true copies of the summons and the complaint at the office during
normal working hours with the person who is apparently in charge"; and (2) mailing true copies
of the summons and complaint to the defendant's home, "with a statement of the date, time, and
place at which office service was made." ORCP 7 D(2)(c). Plaintiffs do not even claim to have
done any of those things.

to make clear that they were not so authorized. (*Id.* ¶¶ 7, 10.) Defense counsel immediately followed up with a letter to that same effect. (*Id.*) Plaintiffs' counsel never responded to that correspondence.[4] (*Id.*)

Furthermore, the receipts included with plaintiffs' February 11 filing (ECF No. 73) reflect that the packages sent to defense counsel and to the "FBI Hostage Rescue Team" were both sent "UPS Ground Residential," and not by "certified, registered, or express mailing," as the rule requires. ORCP 7 D(3)(a)(i).

### 2.    Plaintiffs' March 2019 Service Attempts Were Not Sufficient.

The service attempts documented in plaintiffs' March 13, 2019 "Proof of Service" (ECF No. 82) were also clearly insufficient. The document makes clear on its face that the process server "Did NOT" (emphasis in original) personally serve Special Agent Astarita. Nor does that document suggest that the summons and Complaint were served on anyone authorized to accept service on Special Agent Astarita's behalf, or that they were left at, or mailed to, Special Agent Astarita's residence.

### B.    Plaintiffs' January 24 Mailings Were Not "Otherwise Adequate."

Where, as here, a plaintiff's attempted service fails to satisfy the portions of ORCP 7 D that apply under the circumstances of a particular case (here, the personal service rules), Oregon courts inquire as to "whether service is otherwise adequate, because it meets the 'reasonable notice' standard set forth in ORCP 7 D(1)." *Murphy v. Price*, 131 Or. App. 693, 696, 886 P.2d

---

[4] Because plaintiffs have conceded that the January 24 mailing sent to the FBI was "returned," they are presumably not relying on it in support of their service argument, nor could they. Plaintiffs' purported proof of service (ECF No. 73) does not disclose who received that mailing at the FBI, but it certainly does not suggest that the mailing was signed for by Special Agent Astarita or anyone authorized to accept service of the summons and complaint on his behalf.

1047, 1049 (1994).[5] "Only if that inquiry is answered in the affirmative will service be deemed

valid." *Davis Wright Tremaine, LLP v. Menken*, 181 Or. App. 332, 337, 45 P.3d 983, 985 (2002).

Longstanding Oregon precedent makes clear that plaintiffs' January 24 mailings —which

did not require Special Agent Astarita's signature—were not "otherwise adequate" under ORCP

7 D(1). *See Davis Wright Tremaine*, 181 Or. App. at 341, 45 P.3d at 988 ("Service by mail on an

individual must be by restricted delivery—*i.e.*, *only the person being served can either accept or*

*refuse the mailing*—to satisfy the reasonable notice standard of ORCP 7 D(1)." (emphasis

added)); *see also Murphy*, 131 Or. App. at 697, 886 P.2d at 1049 (mailing "the summons and

complaint to defendant by certified mail, return receipt requested, but by *unrestricted delivery*"

was not "otherwise adequate" because "anyone at that address—a roommate, a neighbor,

defendant's landlord—could have signed for the receipt of the summons and complaint, with no

assurances that defendant would ever see the papers." (emphasis in original)).[6]

Like the inadequate mailings in *Murphy* and *Davis Wright Tremaine*, plaintiffs' mailings

were plainly *not* restricted so that "only [Special Agent Astarita] c[ould] either accept or refuse

the mailing." *Id.*[7] Consequently, they were not "otherwise adequate" under ORCP 7 D(1).

---

[5] ORCP 7 D(1) provides, in part: "Summons shall be served . . . in any manner reasonably
calculated, under all the circumstances, to apprise the defendant of the existence and pendency of
the action and to afford a reasonable opportunity to appear and defend." *See also Baker v. Foy*,
310 Or. 221, 228-29, 797 P.2d 349 (1990) (establishing a two-step inquiry for determining
adequacy of service under ORCP 7 D).

[6] The *Davis Wright Tremaine* and *Murphy* courts held that service was deficient even though the
defendants in those cases admittedly received the documents in question. *See Davis Wright
Tremaine*, 181 Or. App. at 338-39, 45 P.3d at 986 ("[U]nder Oregon's sufficiency of service
rules and related jurisprudence, actual notice is, essentially, irrelevant."); *see also Murphy*, 131
Or. App. at 698, 886 P.2d at 1050 (rejecting the argument "that because defendant received
actual notice, any defect in service must be disregarded.").

[7] The mailing envelope received by counsel did not require Special Agent Astarita's signature.
(Angeli Decl. Ex. 1.) Moreover, nothing that Plaintiffs have filed suggests that Special Agent

PAGE 8 – DEFENDANT ASTARITA'S MOTION TO DISMISS PURSUANT TO FRCP 4(m)
AND 12(b)(5)

**C.    Plaintiffs' Subsequent Attempts at Service Were Also Insufficient.**

In its February 21, 2019 Order (ECF No. 76), the Court held that plaintiffs' January 24 mailings did not amount to sufficient process, and that "Plaintiffs have not shown good cause for their failure to serve" Special Agent Astarita. Nevertheless, the Court exercised its discretion and extended the time for service by thirty days (i.e., until March 23, 2019).

Plaintiffs admittedly failed to serve Special Agent Astarita by the Court's deadline. On its face, plaintiffs' March 13, 2019 "Proof of Service" (ECF No. 82) makes clear that plaintiffs did not personally serve Special Agent Astarita or anyone authorized to receive service on his behalf, nor did they effect office service or substituted service.

**D.    There is No "Good Cause" to Excuse Plaintiffs' Failure to Serve Special Agent Astarita.**

Because plaintiffs failed to effect service under the applicable rule within 90 days of filing their Complaint, the Court may dismiss the Complaint pursuant to Fed. R. Civ. P. 4(m) unless plaintiffs show "good cause" for their failures. Plaintiffs cannot make that showing.

As noted previously, the Court has already held that plaintiffs' "have not shown good cause for their failure to serve their corrected Complaint on [Special Agent Astarita] in the ninety-day time period set forth by Rule 4(m)." (ECF No. 76 at 9.) That failure was clearly a result of inadvertence, most prominently displayed by plaintiffs' failure to serve Special Agent Astarita during his three-week criminal trial, which plaintiffs' counsel *attended* with a summons in-hand. As a result of that inadvertence, which spanned an entire year, plaintiffs cannot credibly contend that their failure to serve Special Agent Astarita is justified by "good cause." *See Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985) (inadvertence on the part of counsel does not

_____

Astarita ever signed for or received the envelope sent to the FBI Hostage Rescue Team (which, according to Plaintiffs, was "returned" (Resp. at 7, ¶ 24)).

PAGE 9 – DEFENDANT ASTARITA'S MOTION TO DISMISS PURSUANT TO FRCP 4(m) AND 12(b)(5)

constitute good cause); *see also* Federal Rules of Civil Procedure, Rules and Commentary Rule 4 ("Mistake, neglect, and inadvertence generally cannot support a showing of good cause." (collecting cases)).

## IV.    CONCLUSION

Because plaintiffs have not properly served Special Agent Astarita—and utterly failed to avail themselves of the many opportunities to do so for a full year after filing their Complaint— we respectfully request that the Court enter an Order dismissing plaintiffs' claims against Special Agent Astarita without prejudice, pursuant to Rules Rule 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure.

DATED this 1st day of April, 2019

Respectfully submitted,

/s David H. Angeli
**ANGELI LAW GROUP LLC**
DAVID H. ANGELI, OSB No. 020244
TYLER P. FRANCIS, OSB No. 162519

*Attorneys for Defendant W. Joseph Astarita*