IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

RYAN PAYNE, et al.,

    Plaintiffs,

v.

W. JOSEPH ASTARITA, et al.,

    Defendants.

No. 2:18-cv-165-MO

ORDER TO SHOW CAUSE

MOSMAN, J.,

    Plaintiffs Ryan Payne and Victoria Sharp filed a corrected Complaint on October 26, 2018, which named the following defendants: W. Joseph Astarita, Mark McConnell, Greg T. Bretzing, Kate Brown, Dave Ward, Lucas McClain, Brian Neidham, and Steve Grasty (collectively Defendants).[1] [56]. Under Federal Rule of Civil Procedure Rule 4(m), Plaintiffs had ninety days after the filing of their corrected Complaint to serve Defendants. I reiterated the deadline for service in a December 12, 2019, Order, stating in relevant part that "under Rule 4, Plaintiffs are allowed ninety days from the filing of the corrected Complaint—until January 24, 2019—to serve the corrected Complaint." [60]. I also ordered Plaintiffs to file proof of service on each Defendant within five days after service of process. [58, 60].

---

[1] The corrected Complaint also lists multiple "Doe" defendants.

1 – ORDER TO SHOW CAUSE

Plaintiffs neither served their corrected Complaint on any Defendants within the ninety-day period for service nor sought an extension of time for service. On January 31, 2019, I directed Plaintiffs to show cause why I should not dismiss this action without prejudice for failure to serve and/or why they had good cause for their failure to serve Defendants. [69]. Plaintiffs timely responded to the Order to Show Cause. [71-73]. I found Plaintiffs failed to show good cause for their failure to serve their corrected Complaint within the ninety-day time period. [76].

Instead of dismissing this action without prejudice, however, I granted Plaintiffs an additional thirty days to serve Defendants. *Id.* I ordered Plaintiffs to file proofs of summons or a notification that a Defendant had waived summons within five days of service or waiver. *Id.* I further ordered Plaintiffs to file a status report detailing the status of service on each named Defendant at the end of the thirty-day extension. *Id.* I cautioned Plaintiffs that failure to serve the corrected Complaint in the extended time might result in dismissal of this action without prejudice. *Id.*

The docket reflects that, during the thirty-day extension period, Plaintiffs filed executed returns of service for two of the named Defendants: (1) W. Joseph Astarita [82]; and (2) Greg T. Bretzing [83].[2] Plaintiffs did not file proof of service of summons on any other named Defendant or a notification that any named Defendant waived service. Additionally, Plaintiffs did not file a status report detailing the status of service on each named Defendant at the end of the thirty-day period.

---

[2] I draw no conclusions about the adequacy of service on either of these Defendants.

2 – ORDER TO SHOW CAUSE

I order Plaintiffs to show cause in writing by Monday, April 8, 2019, why I should not dismiss this action without prejudice as to Mark McConnell, Kate Brown, Dave Ward, Lucas McClain, Brian Neidham, and Steve Grasty.

IT IS SO ORDERED.

DATED this 2d day of April 2019.

MICHAEL W. MOSMAN<br>
Chief United States District Judge

3 – ORDER TO SHOW CAUSE