LEAH BROWNLEE TAYLOR
Leah.B.Taylor@usdoj.gov
United States Department of Justice
Senior Trial Attorney
PO Box 7146
Washington, D.C. 20044
(202) 616-4325
Attorney for Greg T. Bretzing and the United States of America

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| Ryan Payne and Victoria Sharp, Plaintiffs. <br><br> v. <br><br> W. Joseph Astarita, individually and in his official capacity as an agent of the FBI, Defendants 1X through 6x, individually and in their official capacity as agents of the Oregon State Police, Greg T. Bretzing, individually and in his capacity as an officer of the FBI, Defendants 7x through 12x, individually and in their official capacity as officers of the FBI, Defendants. | **No. 2:18-cv-165-MO** <br><br> Defendant United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b) <br> Oral Argument Requested |

**THE UNITED STATES OF AMERICA'S AMENDED MOTION TO DISMISS
UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and (6)[1]**

Defendant United States of America hereby moves to dismiss the claims against it under Federal Rule of Civil Procedure 12(b). Although the plaintiffs in this action did not name the United States as a party, the government substituted itself as a party for purposes of the state law claims against its employees Greg T. Bretzing and W. Joseph

---

[1] This motion is amended to reflect the required certificate of compliance with Local Rule 7-1 (a).

1

Astarita under 28 U.S.C. § 2679(d)(1). *See* ECF No. 104 (Bretzing Motion to Dismiss), Ex. J (Certification of Scope of Employment). Those state claims now must "proceed in the same manner as any action against the United States filed pursuant to" the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1); 2671-2680 (2012) ("FTCA"), "and shall be subject to all of the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(4). As explained below two FTCA "limitations and exceptions" bar this suit against the government.[2]

Pursuant to Local Rule 7-1 (a), counsel certifies that she conferred in good faith with Plaintiffs' counsel concerning this motion, but the parties were not able to reach a resolution regarding the claims, defenses or issues that are the subject of the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 26, 2018, Shawna Cox commenced this action by filing a pro se complaint concerning a traffic stop, roadblock, and use of force on January 26, 2016 in Oregon. *See* ECF No.1 ("Cox complaint"). On February 16, 2018, less than three weeks after Cox commenced this action, she filed a motion to withdraw her pro-se complaint. *See* ECF No. 9, February 12, 2018 "Motion to Withdraw Complaint."[3] A "Corrected

---

[2] Plaintiffs purport to plead negligent hiring, training, and supervision, as well as assault and battery claims. It is unclear whether Plaintiffs intend to assert additional common law torts claims such as false arrest or abuse of process, so "state tort claims" are broadly referenced her. *See* ECF No. 56 at 8, 14 ("Corrected Complaint" or "Compl."). To the extent claims of false arrest are abuse of process are indeed in the case, they too are subject to dismissal for the reasons explained here.

[3] On February 16, 2018, the Court construed the filing as a motion for voluntary dismissal, stating in its Minute Order: "[u]nless *Plaintiff Shawna Cox* notifies the Court with a written filing within fifteen days of the Minute Order *that she does not wish to voluntarily dismiss this action, the Court will dismiss the lawsuit.*" *See* ECF #10, February 16, 2018 Minute Order (emphasis added).

Complaint," almost identical to the Cox complaint, was filed by Ryan Payne and Victoria Sharp as the only plaintiffs. It alleges that on January 26, 2016 Payne, Sharp, Cox, and Ryan Bundy were passengers traveling on US Highway 395 in a Dodge pickup truck driven by LaVoy Finicum when they were allegedly subjected to an unlawful use of force constituting assault and battery. *See* ECF No. 56 ("Corrected Complaint" or "Compl.") at 14 (unnumbered reference to assault and battery under the Federal Tort Claims Act). Payne and Sharp also allege in Count 4 of their complaint negligent hiring, training, supervision, and retention claims against former FBI Special Agent in Charge Greg T. Bretzing in connection with these events. *Id*. at 11.

While Payne and Sharp mentioned the Federal Tort Claims Act in their Corrected Complaint, they did not identify the United States as a defendant in this action. *See* Compl. at 1 *compare with* 14. Instead, they sued federal employees Bretzing and Astarita. *Id*. at 1. Their state tort claims against Bretzing and Astarita purported to include claims for negligent hiring, training, supervision, and retention claims as well as assault and battery claims. Payne and Sharp say that at all times, Bretzing and Astarita were acting as "agent[s] of the FBI." Compl. at 3-5. Payne and Sharp also never presented an administrative claim to the FBI before filing suit. The FTCA requires that. *See* 28 U.S.C. § 2675. *See also* Exhibit A, Crum Declaration (attached). The government's self-substitution does not relieve them from the FTCA's claim presentment requirement nor cure other problems with their FTCA case. *See* 28 U.S.C. § 2679(d)(4).

### STANDARD OF REVIEW

**A. Dismissal for lack of jurisdiction pursuant to Rule 12(b)(1).**

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner,* 359 F. App'x 726, 728 (9th Cir. 2009). *See also Ass'n of Am. Med. Coll. v. United States,* 217 F.3d 770 (9th Cir. 2000). "As a sovereign, the United States 'is immune from suit save as it consents to be sued.'" *Henderson v. United States*, 517 U.S. 654, 673 (1996) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Unless immunity has been waived, courts have no subject matter jurisdiction over claims brought against the federal government or its agencies. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

**B. Dismissal for Failure to State a Claim under 12(b)(6).**

When analyzing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), courts are to accept well-pleaded facts as true and draw all inferences in the plaintiff's favor. *See Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). "To avoid dismissal under Rule 12(b)(6), a plaintiff must aver in his complaint sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2010), (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotations omitted), *rev'd and remanded,* 563 U.S. 731 (2011). Thus, a plaintiff cannot state a claim for relief by "offer[ing] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Similarly, "'naked assertion[s]' devoid of 'further factual enhancement,'" as well as "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557).

**ARGUMENT**

**A. The Court Lacks Subject Matter Jurisdiction over Plaintiffs' Tort Claims.**

The FTCA provides the exclusive remedy for damages actions for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). When tort plaintiffs ignore that and nonetheless sue the government's employees, the FTCA allows the government to substitute itself and assert whatever defenses to the action it has available. *See* U.S.C. § 2679(d)(1) and (4). And under 28 U.S.C. § 2675(a), the FTCA "requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury." *Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) (citing 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(b); *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983)). This claim-presentation requirement is "jurisdictional in nature and may not be waived." *Vacek v. United States Postal Serv.,* 447 F.3d 1248, 1252 (9th Cir.2006). Where plaintiffs fail to plead or provide evidence that they have exhausted their administrative remedies under the Act, "they cannot rely on that statute's waiver of sovereign immunity for jurisdiction." 28 C.F.R. § 14.2(a). *Id*.

Payne and Sharp have not complied with that requirement. They fail to plead or present evidence of a valid administrative notice of claim to the FBI, the appropriate federal agency. *See* Crum Declaration. So the United States must be dismissed based on their failure to exhaust administrative remedies. *Soriano v. United States*, 352 U.S. 270, 276 (1957) (stating that the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."); *see also United States v. Kubrick*, 444 U.S. 1ll, 117-118 (1979).

**B. Plaintiffs' Complaint is Time Barred, Does Not Relate Back to the Original Complaint, and Service of Process is Insufficient and Untimely.**

Payne and Sharp's case is in any event barred by the FTCA's two-year statute of limitations. The FTCA also provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). In this case, pro-se Plaintiff Shawna Cox initiated this lawsuit by filing an original complaint on January 26, 2018. The events that are the subject of this lawsuit took place on January 26, 2016. The original complaint was, therefore, filed one day before the expiration of the two year statute of limitations for claims arising out of those events. The Cox Complaint was withdrawn on February 12, 2018. That was akin to filing a notice of dismissal under Rule 41(a)(1) and its effect "is to leave the parties as though no action had been brought." *Duke Energy Trading and Marketing, LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001). Once a notice of dismissal is filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

Because the Cox Complaint was voluntarily dismissed, nothing was left for Payne and Sharp's later-filed "Corrected Complaint" to relate back to under Rule 15(c). So their "Corrected Complaint," filed after the statute of limitations had run, is time-barred.[4] For

---

[4] For relation back Rule 15(c) requires service of the original complaint within a ninety-day time period prescribed by Rule 4(m) to relate back. Fed. R. Civ. P. 15(c)(1)(C). The Cox complaint was never served and Payne and Sharp's Corrected Complaint was not served on Bretzing within the ninety-day time period provided by Rule 4 (m) and as required under Rule 15(c).

the same reason, the Westfall Act post-substitution "safe harbor" provision in 28 U.S.C. § 2679(d)(5) does not apply. Payne and Sharp did not bring their case against federal employees Bretzing and Astarita within two years (as that provision requires in order to allow a plaintiff to cure her failure to file an administrative claim). Moreover, Payne and Sharp still have not served the United States, as required under Rule 4(i)(3) in order to perfect service on Bretzing. *See* Bretzing Motion to Dismiss, Ex. H (Keith Ramsey Service Declaration). So dismissal is warranted on this ground as well.

## CONCLUSION

For all the aforementioned reasons United States' motion to dismiss this action should be granted.

Respectfully submitted,

JOSEPH HUNT
Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director, Constitutional Tort Staff
Constitutional Tort Staff
Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel
Constitutional Tort Staff
Torts Branch, Civil Division

/s/ Leah Brownlee Taylor
LEAH BROWNLEE TAYLOR
Senior Trial Attorney
Constitutional Torts Staff
Torts Branch, Civil Division
United States Department of Justice
PO Box 7146
Washington, D.C. 20044
Leah.B.Taylor@usdoj.gov

Attorney for Defendants
United States of America and Greg Bretzing

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2019, I filed the foregoing motion through the CM/ECF system, causing the following individuals to be served by electronic means, as reflected in the Notice of Electronic Filing:

**Roger I. Roots, Esq.**
rogerroots@msn.com
ROOTS LAW
270 Bellevue Ave. #1016
Newport, RI 02840

**James L. Buchal, Esq.**
Murphy & Buchal LLP
3425 SE Yamhill Street, Suite 100
Portland, OR 97214
P:(503)227-1011

**James S. Smith**
Department of Justice
Trial Division
100 SW Market St
Portland, OR 97201
james.s.smith@doj.state.or.us

**Thomas F. Armosino**
Frohnmayer Deatherage, et al.
2592 E. Barnett Road
Medford, OR 97501
Email: armosino@fdfirm.com

**Molly R. Silver**
Frohnmayer Deatherage, et al.
2592 E. Barnett Road
Medford, OR 97501
Email: silver@fdfirm.com

s/ Leah Brownlee Taylor